284

(Nos. 36767-8-9, 37856 Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WALTER E. HATHAWAY *et al.*, Appellants.—(IRVING CARLSON, Plaintiff in Error.)

*Opinion filed March 23, 1962.*

FRANCIS X. RILEY, of Chicago, (RICHARD V. HOUPT, of counsel,) for appellants.

NICHOLAS T. KITSOS, of Chicago, *amicus curiae.*

Mr. JUSTICE HOUSE delivered the opinion of the court:

Walter E. Hathaway, Paul D. Coffman and Irving Carlson, respondents, were each adjudged guilty of indirect criminal contempt and Hathaway was also found guilty of direct criminal contempt by the village court of the village of Maywood. Hathaway and Coffman appeal and Carlson prosecutes his writ of error to this court. The causes are consolidated for this appeal.

The indirect contempt proceedings arose out of the publication of a letter in the Proviso Star-Sentinel critical of the village court of Maywood. Hathaway admitted writing the letter and was sentenced to 10 days in jail and fined $100; Coffman admitted publishing the letter and was fined $1; and Carlson admitted delivering the letter to Coffman and was sentenced to 90 days in jail. The court's rulings were based on findings that the utterances and characterizations contained in the fifth paragraph of the letter were calculated to impede, embarrass and obstruct the administration of justice in relation to pending criminal cases. The general tenor of the letter was critical of the administration of the court, which had been established two years previously, and suggested abolition of the court. It emphasized the desirability of the court functioning on a highly professional and nonpolitical basis, and charged that the judge and court attaches had been active as slatemakers and participants in local politics. The fifth paragraph read: "A classic example in the recent school election, where even the criminal process of the court was abused in a last minute maneuver to shake the public's confidence in its grade school officials. These officials are now expected to stand trial in this very court on questionable charges under most questionable circumstances." It is conceded that "criminal process" referred to 42 criminal informations charging 7 members of the local school board with con-

version of public funds pending in the court. Judge Robert E. McAuliffe, judge of the village court, had disqualified himself in those cases on April 1, 1961, and leave was given by Judge Kizas, to whom the matter had been assigned, to file the informations on April 3, 1961.

Each of the respondents filed a petition for change of venue from Judge McAuliffe under section 21a of the Venue Act, (Ill. Rev. Stat. 1961, chap. 146, par. 21a,) on the ground that he could not receive a fair and impartial hearing. The petitions and supporting affidavits complied with the statute but the petitions were denied. The basis for the denial was that the rules to show cause were based only on the fifth paragraph of the letter, and, since Judge Kizas was in charge of the criminal cases referred to, it impugned his character and conduct as a judge, rather than that of Judge McAuliffe, hence the charges did not refer to the latter. An examination of the rules to show cause discloses that neither the whole nor any part of the letter was set out in *haec verba* but each was based upon "a certain letter." They do not limit the alleged contemptuous writing to the effect the letter might have upon pending litigation but also state "* * * and it further appearing to this Court that said letter aforementioned is calculated to impede, embarrass and obstruct the due administration of justice in this Court." We are of the opinion that under the broad scope of the rules to show cause the trial judge could not limit his denial of a change of venue to the fifth paragraph of the letter. For the purpose of the venue question he should have considered the whole letter. If he had done so there can be no doubt but that his character and conduct as a judge of the court was attacked. The petitions for change of venue should have been granted, and failure to do so was reversible error. See *People* v. *Goss,* 10 Ill.2d 533.

The adjudication of Hathaway's direct contempt was based upon a statement incorporated in his answer to the

rule to show cause. The statement had been introduced by Hathaway, a trustee of the village of Maywood, at a regular meeting of the village board on April 7, 1960. It was addressed to the president and board of trustees of the village. After a review of the reasons for creating the court eight months before and an expression of the desirability of having a judge who understood the importance of maintaining respect and dignity for the court, it was stated that he, Hathaway, had been receiving complaints about the court's operation. He then listed the complaints by categories which included solicitation by the judge of personal injury cases, recommendation of lawyers by the bailiff, bias of the judge against negroes by fixing high bail bonds and imposing heavy fines and boasts by the judge and his bailiff that they were going to build a political organization to take over local government. The statement concluded with a recommendation that an impartial citizens committee be created to investigate and report its findings to the board within 90 days.

Hathaway's answer to the rule indicates that he and most of his constituents are negroes, that under the dictates of his oath he felt constrained to continue his efforts for an investigation and the eventual elimination of the village court, that he presented the statement for an investigation to further that end and that he wrote the controversial letter involved in the indirect contempt for the same purpose.

It is noted that the language in the statement which was deemed contemptuous is made up solely of complaints by others to Hathaway and not direct accusations by him. We think that his report in the form of a statement of the complaints he had received and recommendation for an investigation was a communication which he was privileged to make to the village board as a member of that legislative body, and was immune under article III of the constitution. (See *Fletcher* v. *City of Paris,* 377 Ill. 89.) The question,

however, is not whether Hathaway was in contempt by presenting the statement, but rather whether he was subject to contempt for quoting it. Apparently it was quoted to show justification for his actions as trustee in seeking an investigation of the complaints about the operation of the court, and writing the letter upon which the indirect contempt charge was based. The statement was a public document pertaining to the subject of the letter, and the respondent may well have thought it germaine to the issue presented by the rule to show cause. We cannot say that its inclusion in the answer was calculated to impede, embarrass or obstruct the due administration of justice.

The order of June 30, 1961, holding respondent Walter E. Hathaway guilty of direct contempt is reversed, and the orders declaring each of the respondents guilty of indirect contempt is reversed and the causes remanded, with directions to grant the motions for a change of venue.

*Reversed and remanded, with directions.*